Mr. Joseph P. Natale Assistant Secretary Public Employees' Retirement Association 1300 Logan, 5th Floor Denver, Colorado 80203
Dear Mr. Natale:
This letter responds to your inquiry of January 24, 1977 requesting interpretation of certain provisions of Colorado law concerning credit for prior service for legislators who become members of the Public Employees' Retirement Association (hereinafter "PERA").
QUESTIONS PRESENTED AND CONCLUSIONS
1. Can a legislator who has never filed an affiliation or an exemption with the Public Employees' Retirement Association receive credit for prior service under the cited section of the statute if he elects to be covered pursuant to the statute in the first instance?
 The statute contemplates that members of the general assembly serving at the time of enactment automatically would become PERA members unless they exempted themselves therefrom by June 1, 1967. If no such exemption occurred, those persons would receive credit for all legislative service whether consecutive or not, rendered "prior to or subsequent to July 1, 1969" (i.e., at any time).1/
2. Can a legislator who has exempted himself from participation in the Public Employees' Retirement Association at a later date affiliate with the Association and receive credit for prior service by such affiliation?
 The answer to this inquiry is no. C.R.S. 1973, 24-51-128 clearly envisions a loss of the right to receive credit for prior service where an exemption from PERA coverage is elected.
ANALYSIS
The relevant statutory provisions are found at C.R.S. 1973, 24-51-128 and read as follows:
 24-51-128 (1) On or after July 1, 1967, in addition to the present membership of the public employees' retirement association, there shall be included therein all members of the general assembly, and such members shall have all the rights and privileges and be charged with all the duties and liabilities provided in this part 1. Notwithstanding any provisions in this part 1 to the contrary, all service rendered as a member of the general assembly prior to as well as subsequent to July 1, 1969, by any person serving on or after said date, whether consecutive or nonconsecutive, shall be allowed for retirement purposes under section 24-51-111; except that any person who exempts himself and later applies for membership, as provided in this section, shall receive service credit only for service rendered subsequent to the date of membership.
 (2) Any person serving as a member of the general assembly on June 8, 1967, shall be subject to the provisions of this section unless, on or before June 1, 1967, such member notifies the public employees' retirement association in writing that he desires to exempt himself from the benefits of this section. All persons who become members of the general assembly after June 8, 1967, shall become members of the retirement association, unless within thirty days after taking the oath of office any such member notifies the public employees' retirement association in writing that he desires to exempt himself from the benefits of this section, and the salary deductions and payments provided in this part 1 shall be made on account of such members of the general assembly. Any member who has thus exempted himself from membership in the retirement system may, at his option at a later date, apply for membership therein; except that only the service of such member rendered as such after the date of membership shall be allowed by the retirement board in computing retirement benefits.
Your first question was as follows:
Can a legislator who has never filed an affiliation or an exemption with the Public Employees' Retirement Association receive credit for prior service under the cited section of the statute if he elects to be covered pursuant to the statute in the first instance?
The statute contemplates that members of the general assembly serving at the time of enactment automatically would become PERA members unless they exempted themselves therefrom by June 1, 1967. If no such exemption occurred, those persons would receive credit for all legislative service whether consecutive or not, rendered "prior to or subsequent to July 1, 1969" (i.e., at any time).[1]
The statute further contemplates that persons who become members of the general assembly after June 8, 1967 and who do not specifically exempt themselves within thirty days will become members of PERA. If such a person had never before been a member of the general assembly or an interchangeable branch of state service,[2] the question of credit for prior service does not arise. If such a person has had prior legislative or interchangeable service and has not exempted himself from PERA, all of his legislative service, whether consecutive or not, should be allowed for retirement purposes. This conclusion flows (1) from the language in subsection (1) specifying that any person serving on or after such date shall receive such credit (thereby clearly not requiring service both on that dateand thereafter in order to be eligible for prior service credit) and (2) from the provisions which specify loss of prior service credit for the person who exempts but not for the one who becomes a PERA member. Hence, if directed to a person who has become a member of the general assembly since June 8, 1967, who has not exempted himself from PERA and who has had prior legislative or interchangeable service, your first inquiry is answered in the affirmative.
Your second question was as follows:
Can a legislator who has exempted himself from participation in the Public Employees' Retirement Association at a later date affiliate with the Association and receive credit for prior service by such affiliation?
The answer to this inquiry is no. C.R.S. 1973, 24-51-128 clearly envisions a loss of the right to receive credit for prior service where an exemption from PERA coverage is elected. The first reference to such loss through exemption appears at C.R.S. 1973, 24-51-128(1) and is an express modification of the general rule that any person in the legislature on or after July 1, 1969 may receive credit for all service, whether consecutive or not, rendered either prior or subsequent to that date. The second reference to such loss through exemption appears at C.R.S. 1973, 24-51-128(2) and is an express clarification of the fact that any member of the general assembly who acts to exempt himself (and who will be covered by PERA if he fails so to act) will receive credit for legislative service only on and after such date as he may thereafter obtain membership in PERA. By these provisions, the legislature unequivocally created a class of persons who receive credit for service in the general assembly onlyafter the date of their membership in PERA: this class is composed of any persons who initially exempt themselves from PERA coverage but later become PERA members. Accordingly, no prior service credit is available for legislators described in your second inquiry.
SUMMARY
C.R.S. 1973, 24-51-128 allows an individual who has become a member of the legislature since June 8, 1967 and who has not exempted himself from PERA to receive credit for prior service. However, an individual who has exempted himself previously may receive credit only from the date he thereafter obtains membership.
Very truly yours,
 J.D. MacFARLANE Attorney General
LEGISLATURE
C.R.S. 1973, 24-51-128
PERSONNEL, DEPT. OF PERA-PENSION PLANS EXECUTIVE BRANCH Public Employees Rtrmnt Bd LEGISLATIVE BRANCH
C.R.S. 1973, 24-51-128 allows an individual who has become a member of the legislature since June 8, 1967 and who has not exempted himself from PERA to receive credit for prior service. However, an individual who has exempted himself previously may receive credit only from the date he thereafter obtains membership.
[1] This office's research reveals that the language in subsection (1) of the statute, referring to "July 1, 1969" (by contrast to other references therein to "1967") was absent in prior versions of the statute. The inclusion of members of the general assembly in PERA first appeared in 1967. See L. 67, p. 682, section 2. At that time, that subsection made reference to ". . . any person serving on the effective date of this section . . . ." In 1969, that subsection was repealed and reenacted to read as follows: ". . . subsequent to the effective date of this subsection (1) by any person serving on or after said date . . ." A search of the session laws year by year from 1970 forward failed to reveal any further change in the relevant statute. However, the office of the Revisor of Statutes informed this office that the practice of the Revisor at the time of the 1973 recodification of the Colorado statutes was to search the laws for references to "the effective date of" a particular section and, where found, to substitute the most recent actual date of passage of the particular law. Hence, the instant reference to July 1, 1969 appears to be a Revisor's change made without inspection of the remainder of the statute in order to harmonize the dates therein.
However, the only persons who might be affected by the Revisor's change would be persons whose affiliation or exemption was not processed even though they were in fact in the legislature on or after July 1, 1967 but before July 1, 1969. Any other person presumably would have been processed in accordance with the then applicable law with resultant uniformity of treatment. No opinion is rendered at this time concerning the exceptional case hereinabove mentioned; if such a case surfaces, however, further advice should be requested.
[2] See C.R.S. 1973, 24-51-128(4) for definition of interchangeable service.